**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   **No.: 4:15-CR-404-HEA-NAB-30** |
| **vs.** | ) |
| | ) |
| **OSCAR DILLON, III, et al.,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT OSCAR DILLON III'S RENEWED MOTION**
**FOR RELEASE ON BOND**

Comes now the Defendant, Oscar Dillon, III, by and through his undersigned attorneys, and pursuant to the provisions of the Bail Reform Act and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, respectfully moves this Honorable Court to revoke the detention order in the instant matter and enter an order releasing Mr. Dillon on bond with any conditions of release this Court deems appropriate, pending the resolution of this case.  In support, Mr. Dillon offers the following:

1.     Dating back to November 1951, the Supreme Court of the United States considered bail pending trial in *Stack et al v. Boyle*, 342 U.S. 1, 72 S.Ct. 1.  In directing pretrial release Justice Jackson, joined by Justice Frankfurter, famously wrote:

> The practice of admission to bail, as it has evolved in Anglo-American law, is not a device for keeping persons in jail upon mere accusation until it is found convenient to give them a trial.  On the contrary, the spirit of the procedure is to enable them to stay out of jail until a trial has found them guilty.  Without this conditional privilege, even those wrongly accused are punished by a period of imprisonment while awaiting trial and are handicapped in consulting counsel, searching for evidence and witnesses, and preparing a defense.  To open a way of escape from this

> handicap and possible injustice, Congress commands allowance of bail for one under charge of any offense not punishable by death, Fed.R.Crim.P. 46(a)(1) providing: 'A person arrested for an offense not punishable by death shall be admitted to bail * * *' before conviction.

*Stack*, 72 S.Ct. at 5 (quotation marks in original).  And while the *Stack* Court's opinion was inscribed over three-score years ago, its poignant language persists today.

2.      Mr. Dillon acknowledges he has previously moved for release pending trail.  And this Court rebuffed those motions.  The government always forcefully opposed Mr. Dillon's release pending resolution of this matter, arguing, *inter alia*, that he was charged in another indictment (*United States v. Dillon*, et al., 17 CR 95) that alleged he conspired to distributed and attempted to possess with intent to distribute 10 kilograms of cocaine.  Mr. Dillon now brings this motion as there has been a drastic change in circumstances since the last time he moved for his release.

3.      At every single detention hearing held in both this matter and in *United States v. Dillon*, et al., 17 CR 95, the government continuously alleged that they had overwhelming evidence of Mr. Dillon's involvement in a multi-kilogram drug conspiracy stemming out of a shipment of narcotics from California to St. Louis.  That alleged conduct was the crux of the indictment in *United States v. Dillon*, et al., 17 CR 95.  On February 12, 2020, a jury fully acquitted and vindicated Mr. Dillon of this alleged conduct, effectively finding he did not conspire to distributed and did not attempted to possess with intent to distribute 10 kilograms of cocaine as the government had alleged.  This conduct can no longer be considered in this Court detention determination.

4.     There is currently no scheduled trial date in this case.  Mr. Dillon has been detained on this matter for well over three years, since he was firm detained in the beginning days of December 2016.  For all of the reasons outlines in Mr. Dillon's previous motions to revoke detention order and argued at the detention hearings, detention is not warranted.  The Court is familiar with those arguments and they will therefore not be repeated here.

5.     There are currently three pending motions before this Court that have yet to be ruled on including an unopposed motion for severance, a motion to dismiss based on prosecutorial misconduct, and a motion to dismissed for violation of the Speedy Trial Act.  Importantly, the motion to dismiss for prosecutorial misconduct has been fully heard and brief since May 2019.  As argued in Mr. Dillon's brief in support of the motion to dismiss, there was ample evidence was false information being presented to the grand jury that was knowingly done so by the government. Mr. Dillon on sits in confinement on an indictment that should have never been returned.

6.     Based on the approximately four-day hearing held on the currently pending motion to dismiss for prosecutorial misconduct, this Court is well-versed in the factual allegations as they relate to Mr. Dillon's alleged conduct.  Even if the alleged conduct of Mr. Dillon is taken as true, his involvement in the charged offenses can be categorized as nothing short of minimal.  His alleged conduct did not have anything to do with controlled substances, firearms, violence, or threat of violence. Being in custody for over three years now, Mr. Dillon has effectively served his time.

7.     When denying Mr. Dillon's previous efforts for release, this Court indicated that the presumption of detention was not rebutted.  That decision, Mr. Dillon maintains, was in contravention of the actual evidence on the record.  He is neither a flight risk nor a danger to the community.  And the state of the law on this issue is undeniable.  "In a presumption case such a this, a defendant bears a limited burden of production – not persuasion – to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).  Mr. Dillon had produced such evidence at the initial hearings, and has done so now.  Considering Mr. Dillon does not object to this Court fashioning *any* conditions of release to curb any doubts this Court may harbor as to his release.  Surely the presumption has been rebutted not only with those conditions, but the proposal of any, or all, of three potential third-party custodians and posting property to secure his release.

Wherefore, defendant Oscar Dillon III respectfully moves, pursuant to 18 U.S.C. § 3142(b), (c), (A), (B), that this Honorable Court enter an order granting his motion for release, pending trial, under any such conditions as this Court deems appropriate.

Respectfully submitted,


s/   Vadim Glozman
*An Attorney for Oscar Dillon, III*

Blaire C. Dalton, ID #630569 IL
53 W. Jackson Blvd., Suite 1550
Chicago, IL 60604
847-373-4750
blairec.dalton@gmail.com

Vadim A. Glozman, ID # 6315389 IL
VADIM A. GLOZMAN LTD.
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
312-726-9015
vg@glozmanlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on February 17, 2020, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: all Attorneys of record.

                 s/     Vadim A. Glozman