UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:15CR404 HEA/NAB (30) |
| OSCAR DILLON, III, | ) ) ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Reconsideration of the Magistrate Judge's denial of his Motion for Release and Renewed Motion for Release Based upon Serious Health Concerns due to the COVID-19 Pandemic [Doc. No. 2665]. For the reasons articulated below, the Motion will be denied.

**Background**

Defendant was charged in the Fifth Superseding Indictment with conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, obstruction of justice, unlawful flight to avoid prosecution and money laundering.

On February 17, 2020, Defendant filed a "Renewed Motion for Release on Bond." Therein, he acknowledged his previous motions for release pending trial, each of which was denied. Defendant noted, however, that his original detention

and the subsequent denials of release were based on his indictment in not only this case, but also in case number 4:17-CR-95 RWS in this District. Defendant argued that his February 20, 2020 jury acquittal in Case No. 17-CR-95 presented a "drastic change in circumstances since the last time he moved for his release," and that the charged conduct from that indictment could no longer be used for his detention determination. Moreover, Defendant argued, his alleged involvement in the instant matter is minimal and had nothing to do with controlled substances, firearms, violence, or threat of violence. Finally, Defendant challenged the previous denials of his motions for release, arguing that at his initial detention hearing, on each prior motion for release, and in this motion, he adequately rebutted the presumption of detention.

On March 13, 2020, Magistrate Judge Cohen denied Defendant's "Renewed Motion for Release on Bond," holding that Defendant had not "identified information that was not known at the time of the earlier detention hearing (held on Dec. 9, 2016) and that has a material bearing on the issues relevant to the detention, namely flight risk and safety of the community." Specifically, Judge Cohen found that "invocation of an acquittal [in a separate criminal case] and repeated conclusory assertions that Defendant is 'neither a flight risk nor a danger to the community' are insufficient to support Defendant's release on bond."

On March 26, 2020, Defendant filed a "Motion to Reconsider the Denial of His Motion for Release and Renewed Motion for Release Based upon Serious Health Concerns due to the COVID-19 Pandemic." Judge Cohen denied the motion, noting that Defendant's purported health concerns were unsupported, and that Defendant did not articulate how his health concerns mitigated the concerns for which he was found to be a flight risk and danger to others at his detention hearing.

On June 4, 2020, Defendant filed a motion requesting *de novo* review Magistrate Judge Cohen's denial of pre-trial release. In his motion, Defendant argues that he is not being held for an offense including violence or controlled substances. He restates his argument that his acquittal in 17-CR-95 is a change in circumstances warranting reconsideration of release. He argues that Judge Cohen's repeated findings to the contrary are "*non-sequitur* and contrary to the notions of reasonableness and fairness." Defendant attacks his initial detention decision as "rooted in stale and unpersuasive conduct: that Mr. Dillon was previously charged in California yet found not guilty, has previously been arrested for weapons and assault yet no indication that he was convicted of such conduct, and two failures to appear that occurred decades ago."  Defendant then invokes the COVID-19 pandemic, stating that "it is certainly cruel and unusual to keep someone confined during this unpredictable pandemic, particularly when they have been acquitted of

the more egregious allegations and are presumed innocent of the pending charges." Defendant concedes that he is not considered a "high risk" inmate by the CDC.

## Standard

Title 18, United States Code, Section 3142 allows that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

## Analysis

Here, Defendant argues that two pieces of new, material information were not known to him at his detention determinations or in the subsequent appeals thereof: his acquittal in case no. 17-CR-95 and the COVID-19 pandemic.

The Court finds that nothing about the COVID-19 pandemic "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The COVID-19 pandemic is no doubt frightening to all people, and there is evidence that the virus is exacerbated in institutional settings. However, Defendant's assertions that he is at a heightened

risk for complications from the virus are unsupported. Defendant, through his attorney, even states that the CDC does not consider him a "high risk" inmate. Reconsideration of Defendant's detention order is not warranted by the COVID-19 pandemic.

The Court also finds that Defendant's acquittal in case no. 17-CR-95 does warrant a reopening of Defendant's detention hearing in this case. Notably, Defendant's detention hearing in the instant case occurred before his indictment in 17-CR-95. Defendant's original order of detention in the case, dated December 16, 2016, mentions without embellishment the conduct which would result in Defendant's charges in 17-CR-95: "Finally, Defendant was arrested in September 2016 in possession of 10 kilograms of cocaine." There is no indication that the September 2016 arrest was the deciding factor in a detention determination based on many other factors, including: Defendant's out-of-state ties, including a prior charge in the U.S. District Court for the Central District of California for conspiracy to possess with intent to distribute cocaine, heroin, PCP and marijuana, Defendant's multiple previous arrests for unlawful use of a weapon and assault, Defendant's one previous drug-related conviction, and Defendant's two failure to appear warrants issued while on bond in an earlier case. The detention determination was also based on the Government's assertion that Defendant had incentive to flee and had already helped a codefendant with identical charges to

flee the jurisdiction. In fact, this alleged conduct forms the basis of the charges against Defendant of obstruction of justice and unlawful flight to avoid prosecution in this matter.

Moreover, 18 U.S.C. § 3142(f) requires "information … that was not known to the movant at the time of the hearing." At the time of the hearing, Defendant had been arrested in possession of 10 kilograms of cocaine. He had not yet been charged with any crime related to that possession. At his trial in 17-CR-95, Defendant stipulated that signed a false name to accept a package from UPS and that the package contained cocaine; however, Defendant argued that the Government could not prove beyond a reasonable doubt that Defendant knew that the package contained cocaine and intended to distribute it. See Tr. of Def.'s Opening Stmt., Doc. No. 430, 4:17-CR-95 RWS. Defendant's acquittal on the charges of conspiracy to distribute cocaine and of attempting to possess cocaine with intent to distribute do not negate or change the operative fact known at the time of the detention determination, which is that Defendant was arrested for accepting a shipment that contained 10 kilograms of cocaine.

## Conclusion

Defendant has not shown any previously unknown information having a material bearing on the considerations of pretrial release sufficient to warrant reopening of his detention hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of the Magistrate Judge's denial of his Motion for Release and Renewed Motion for Release Based upon Serious Health Concerns due to the COVID-19 Pandemic [Doc. No. 2665] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that the order of detention remains in place.

Dated this 19th day of June, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE