**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 4:15-CR-404-HEA-NAB-30** |
| **vs.** | ) | |
| | ) | |
| **OSCAR DILLON, III, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT OSCAR DILLON, III'S**
**OMNIBUS MOTIONS *IN LIMINE*[1]**

Comes now the Defendant, Oscar Dillon, III, by and through his undersigned attorneys, and respectfully moves this Honorable Court to exclude certain evidence from trial. Unless the defendant should open the door, the government agrees not to introduce certain evidence. In an effort to preserve the record, the aforementioned evidence includes the following:

Mr. Dillon moves to exclude, and the government agrees not to introduce:

1.     Any evidence that implies Mr. Dillon has been in custody since 2017. This includes, but is not limited to, evidence that Mr. Dillon failed to file tax returns from 2017 through 2020.

2.     Evidence collected from a cellular phone, number (323) 453-0767, that was seized from Mr. Dillon on September 7, 2016.

3.     Any evidence or testimony regarding Mr. Dillon's 1990 state court

---

[1] For purposes of efficiency and ease of reference, Mr. Dillon has filed his motions *in limine* in a single document.

conviction.

      4.     Any improper opinion testimony from government witnesses.

The parties were not able to reach an agreement on the admission of other evidence. Therefore, Mr. Dillon respectfully moves to exclude the following:

      5.     The government has indicated that it intends to introduce testimonial evidence, through co-defendant and government cooperator, Derrick Terry, that Mr. Dillon allegedly told defendant Terry that he had "beat a federal case". Based upon the Court's denial of Mr. Dillon's motion to exclude evidence of his acquitted conduct, the jury will hear about the circumstances leading up to Mr. Dillon's September 7, 2016 arrest. It takes little more than common sense to deduce that the September 7, 2016 arrest could not have been the case that Mr. Dillon allegedly "beat", as it occurred months after the events that lead to the indictment in this case. Therefore, introduction of this evidence will only lead the jury to conclude that Mr. Dillon had previously been charged – and potentially acquitted – of a federal case prior to his indictment in this case.

The government has failed to notify the defense or the Court of its intent to introduce additional 404(b) evidence against Mr. Dillon. Permitting the government to introduce evidence that Mr. Dillon allegedly told defendant Terry that he previously "beat a federal case" violates Federal Rule of Evidence 404(b). Furthermore, this evidence must be precluded as any limited probative value of its introduction is substantially outweighed by the undue prejudicial effect it will have on the jury. Fed. R. Ev. 403.

Should the Court permit the government to introduce this evidence, Mr. Dillon submits that Mr. Terry only be permitted to testify that Mr. Dillon allegedly told him that he [Mr. Dillon] previously beat a case, so as not to allow the jury to inappropriately infer that Mr. Dillon had previously been charged in a federal case.

6.      The government has indicated to defense counsel that it intends to introduce testimonial evidence, through co-defendant Derrick Terry, that Mr. Dillon was allegedly known in the drug distribution community to have engaged in drug distribution from time to time. According to the discovery produced to date, defendant Terry has never told the government that he had personal knowledge, or personally observed, Mr. Dillon engage in the distribution of narcotics. Therefore, defendant's Terry's testimony to that effect would be based on nothing more than hearsay, rumor, and innuendo. Pursuant to Rule 602, a lay witness may only testify to a matter if, and only if, that witness has personal knowledge of the matter that is the subject of his or her testimony. Fed. R. Evid. 602. Therefore, the government must be precluded from introducing hearsay, through defendant Terry, that is not based upon defendant Terry's personal knowledge but, rather, rumor and innuendo.

Wherefore, for the reasons stated above, defendant, Oscar Dillon, III, respectfully asks this Honorable Court to enter an order precluding the government from offering the evidence – as indicated above - at trial.

Respectfully submitted,


s/   Blaire C. Dalton
*An Attorney for Oscar Dillon, III*

3

Blaire C. Dalton, ID #630569 IL
53 W. Jackson Blvd., Suite 1550
Chicago, IL 60604
847-373-4750
blairec.dalton@gmail.com

Vadim A. Glozman, ID # 6315389 IL
LAW OFFICES OF VADIM A. GLOZMAN
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
312-726-9015
vg@glozmanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on March 11, 2021, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following: all Attorneys of record.

                s/   Blaire C. Dalton