# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 4:15-CR-404-HEA-NAB-30 |
| vs. | ) |
| | ) |
| OSCAR DILLON, III, et al., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT OSCAR DILLON III'S RESPONSE TO THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Comes now the defendant, Oscar Dillon III, by and through his undersigned attorneys, and herby submits the following response to the government's proposed jury instructions (R. 3132), as well as Mr. Dillon's additional proposed jury instructions.

As set forth below, Mr. Dillon conditionally accepts certain proposed jury instructions, objects to others, and also submits alternative-instructions for this Honorable Court's consideration.

As an initial matter, Mr. Dillon objects to all of the government's proposed jury instructions in which the guilt of the defendant is prefaced before the presumption of innocence. For example, the government has proposed language similar to: "If all of these elements have been proved beyond a reasonable doubt, then you must find the defendant guilty of the crime charged under Count One; otherwise you must find the defendant not guilty of this crime under Count One". See Dkt. 3132, p. 42. The instruction should read: "If you find that the government has not proved each element

of the offense beyond a reasonable doubt, you must find Mr. Dillon not guilty of the crime charged under Count One. If you find the government has proved each element of the offense beyond a reasonable doubt, then you must find the defendant guilty of Count One". Similarly, Mr. Dillon submits that the verdict forms should indicate a not guilty verdict before a guilty verdict.

In submitting this response, Mr. Dillon reserves the right to object to any of the previously proposed instructions and to submit additional jury instructions at the close of evidence based on the evidence admitted at trial and the Court's evidentiary and legal rulings. Without waiving any objections or his right to request modifications, Mr. Dillon objects to the following instructions proposed by the government:

- Government's Proposed Instruction 2.08 – Defendant's Prior Similar Acts – Where Introduced to Prove an Issue Other than Identity (alternative provided)

- Government Proposed Instruction 2.18 – Impeachment of Witnesses (alternative provided)

- Government's Proposed Instruction, R. 3132, pg. 41,

- Government's Proposed Instruction, R. 3132, pg. 47

- Government's Proposed Instruction, R. 3132, pg. 48

- Government's Proposed Instruction, R. 3132, pg. 68

- Government Proposed Instruction 5.01, 8.01 – Attempted Obstruction of Justice: Elements (18 U.S.C. § 1512(c)(2), and 2) (alternative provided)

- Government Proposed Instruction 6.21.846 – Conspiracy (for 18 U.S.C. 1956(h)) (alternative provided)

- Government Proposed Instruction 6.18.1956J – Supplemental

Instructions (alternative provided)

- Government Proposed Instruction 7.04 – Deliberate Ignorance/Willful Blindness (alternative provide, if necessary)

- Government Proposed Instruction 8.01A – Attempt (alternative provided)

Mr. Dillon also submits the following proposed instructions, including alternative instructions to certain of the previously proposed instructions by the government.

Respectfully submitted,

s/  Vadim Glozman
*An Attorney for Oscar Dillon, III*


s/  Blaire Dalton
*An Attorney for Oscar Dillon, III*

Blaire C. Dalton, ID #630569 IL
53 W. Jackson Blvd., Suite 1550
Chicago, IL 60604
847-373-4750
blairec.dalton@gmail.com

Vadim A. Glozman, ID # 6315389 IL
LAW OFFICES OF VADIM A. GLOZMAN
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
312-726-9015
vg@glozmanlaw.com

**2.08 DEFENDANT'S PRIOR SIMILAR ACTS – WHERE INTRODUCED TO PROVE AN ISSUE OTHER THAN IDENTITY (FED. R. EVID. 404(B))**

You [are about to hear] [have heard] evidence that on September 7, 2016, the Drug Enforcement Administration observed and later arrested defendant Dillon at or near 3748 Delor, St. Louis, MO after he accepted delivery of a package that contained approximately ten kilograms of cocaine. DEA agents also seized cellular telephones, miscellaneous paperwork, and other evidence. You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed the act. This is a lower standard than proof beyond a reasonable doubt. You decide that by considering all of the evidence relating to the alleged act, then deciding what evidence is more believable.

If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of decided whether Oscar Dillon had the intent knowledge, or absence of mistake in voluntarily joining the charged conspiracies and in the commission of attempt obstruction of justice. You should give it the weight and value you believe it is entitled to receive.

Remember, even if you find that the defendant may have committed a similar act at another time, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts at another time. The defendant is on trial only for the crimes charged, and you may consider the evidence of prior acts only on the issues stated above.

**8th Circuit Manual of Model Jury Instructions** 2.08 (modified)

**(alternative to government proposed instructions)**

## 2.18 IMPEACHMENT OF WITNESS—PRIOR CONVICTION

You have heard that **REDACTED** has been convicted of multiple crimes. You may use that evidence only to help you decide whether to believe the witness and how much weight to give their testimony.

**8th Circuit Manual of Model Jury Instructions** 2.18 (modified)

**(alternative to government proposed instruction)**

**2.19 WITNESS WHO HAS PLEADED GUILTY**

You have heard evidence that witnesses **REDACTED** pleaded guilty to crimes which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of this defendant's guilt. You may consider those witness' guilty pleas only for the purpose of determining how much, if at all, to rely upon their testimony.

**<u>8th Circuit Manual of Model Jury Instructions</u> 2.19 (modified)**

**4.04 TESTIMONY UNDER GRANT OF IMMUNITY OR PLEA BARGAIN**

You have heard evidence that **REDACTED** have made plea agreements with the government. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by the plea agreement is for you to determine.

The witnesses' guilty pleas cannot be considered by you as any evidence of these defendants' guilt. The witnesses' guilty pleas can be considered by you only for the purpose of determining how much, if at all, to rely upon the witnesses' testimony.

**8th Circuit Manual of Model Jury Instructions** 4.04 (modified)

**4.05A TESTIMONY OF ACCOMPLICE**

You have heard testimony from **REDACTED** who stated that he or she participated in the crime charged against the defendants. His or her testimony was received in evidence and may be considered by you. You may give his or her testimony such weight as you think it deserves. Whether or not his or her testimony may have been influenced by his or her desire to please the government or to strike a good bargain with the government about his or her own situation is for you to determine.

**8th Circuit Manual of Model Jury Instructions** 4.05A (modified)

## 4.05B CREDIBILITY—COOPERATING WITNESS

You have heard evidence that **REDACTED** hopes to receive a reduced sentence on criminal charges pending against them in return for their cooperation with the government in this case. **REDACTED** entered into agreements with the government which provides that in return for their assistance, the government will dismiss certain charges and recommended less severe sentences which could be less than the mandatory minimum sentences for the crimes with which they are charged.

**REDACTED** are subject to mandatory minimum sentences, that is, sentences that the law provides must be of a certain minimum length. If the prosecutor handing these witnesses' cases believes they provided substantial assistance, that prosecutor can file in the court in which the charges are pending against the witnesses a motion to reduce their sentences below the statutory minimum. The judge has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney, files such motions. If such motions for reduction of sentences for substantial assistance are filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of these witnesses such weight as you think it deserves. Whether or not the testimony of these witnesses may have been influenced by their hope of a reduced sentence is for you to decide.

**8th Circuit Manual of Model Jury Instructions** 4.05B (modified)

## 5.01, 8.01 – Attempted Obstruction of Justice: Elements (18 U.S.C. § 1512(c)(2), and 2)

The crime of attempting to corruptly obstruct, influence, or impede an official proceeding, as charged in Count Two of the indictment, has three essential elements, which are:

*One*, the defendant attempted to obstruct, influence, or impede an official proceeding, namely, *United States v. Derrick Terry, et al*, S1-4:15CR 404 HEA/NAB; and

*Two*, the defendant acted corruptly; and

*Three*, the defendant voluntarily and intentionally carried out some act that was a substantial step toward corruptly obstructing, influencing, or impeding an official proceeding.

A person may be found guilty of attempting to obstruct, influence or impede an official proceeding even if he personally did not do every act constituting the offense charged, if he aided and abetted the commission of attempt to obstruct, influence, or impede an official proceeding.

In order to have aided and abetted the commission of a crime a person must before or at the time the crime was committed,

(1) have known that attempted obstruction of justice was being committed or going to be committed;

(2) have had enough advance knowledge of the extent and character of attempted obstruction of justice that he was able to make the relevant choice to walk away from attempted obstruction of justice before all elements of attempted obstruction of justice were complete;

(3) have knowingly acted in some way for the purpose of causing, encouraging or aiding the commission of attempted obstruction of justice; and

(4) have intended to corruptly obstruct, influence and impede an official proceeding, namely, *United States v. Derrick Terry*, et al, S1-4:15CR 404 HEA/NAB.

For you to find the defendant guilty of attempted obstruction of justice by reason of aiding and abetting, the prosecution must prove beyond a reasonable doubt that all of the elements of attempted obstruction of justice were committed by some person or persons and that the defendant aided and abetted the commission of that

crime; otherwise you must find the defendant not guilty of this crime under Count Two.

You may infer the defendant had the requisite advance knowledge of the attempt to corruptly obstruct, influence, or impede an official proceeding if you find the defendant failed to object or withdraw from actively participating in the commission of the attempt to corruptly obstruct, influence, or impede an official proceeding after the defendant observed another participant complete the attempt to corruptly obstruct, influence, or impede an official proceeding.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has become an aider and abettor. A person who has no knowledge that a crime is being committed or about to be committed, but who happens to act in a way which advances some offense, does not thereby become an aider and abettor.

**8th Circuit Manual of Model Jury Instructions 5.01 (modified)**
**8th Circuit Manual of Model Jury Instructions 8.01(modified)**
**8th Circuit Manual of Model Jury Instructions 6.18.1512 (modified)**
**Federal Criminal Jury Instruction Seventh Circuit 18 U.S.C. § 1512(c)(2)**

**(alternative to government proposed instruction)**

## 6.21.846 CONSPIRACY (for 18 U.S.C. § 1956(h))

The crime of money laundering conspiracy as charged in Count Three of the indictment against defendants Michael Grady and Oscar Dillon, III, has three elements, which are:

*One*, beginning around August 2015 and continuing through the date of the indictment, two or more persons reached an agreement or came to an understanding to conduct an illegal financial transaction;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

*Four*, while the agreement was in effect, a person or persons who had joined in the agreement knowing did one or more acts for the purpose of carrying out of carrying forward the agreement.

The crime of conducting an illegal financial transaction, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), has four elements, which are:

*One*, the defendant conducted a financial transaction, that is, the transfer of U.S. currency which in any way or degree affected interstate or foreign commerce;

*Two*, the defendant conducted the financial transaction with money derived from the unlawful distribution of cocaine and/or heroin;

*Three*, at the time the defendant conducted the financial transaction, the defendant knew the money represented the proceeds of some form of unlawful activity; and

*Four*, the defendant conducted the financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of the unlawful distribution of cocaine and/or heroin.

The term "conducted," as used in this Instruction includes initiating, concluding or participating in initiating or concluding a transaction.

Keep in mind that the indictment charges a conspiracy to commit money laundering and not that money laundering was committed.

If all of these elements have been proved beyond a reasonable doubt as to a defendant, then you must find the defendant guilty of the crime charged in Count Three of the indictment; otherwise, you must find the defendant not guilty of the crime charged in Count Three of the indictment.

**8th Circuit Manual of Model Jury Instructions** **6.18.1956B and Supplement 5.06A-1 (modified)**
**8th Circuit Manual of Model Jury Instructions** **6.21.846 (modified)**

**(alternative to government proposed instruction)**

## 6.18.1956J. SUPPLEMENTAL INSTRUCTIONS

### (1) Financial Transaction

The phrase "financial transaction," as used in Instruction ——— means a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means, or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

The term "transaction," as used above, means [a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property] [with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, [use of a safe deposit box]8 or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means.]]

### (2) Interstate Commerce

The phrase "interstate commerce," as used above, means commerce between any combination of states, territories, and possessions of the United States, including the District of Columbia.

The term "commerce" includes, among other things, travel, trade, transportation and communication

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce. All that is necessary is that interstate or foreign commerce was affected as a natural and probable consequence of the defendant's actions. You may find an effect on interstate commerce has been proven if you find from the evidence beyond a reasonable doubt: that the defendant transferred or delivered United States currency across state lines or there is a wire transfer across state lines.

### (3) Proceeds

The term "proceeds" means any property, or any interest in property, that someone derives from, or obtains or retains, either directly or indirectly, as a result of the distribution of cocaine or heroin. It includes the gross receipts of the sale of cocaine or heroin. Proceeds can be any kind of property, not just money. It can include personal property, like a car or a piece of jewelry, or real property, like an interest in land. So, for example: if someone sells drugs for cash and uses the cash to buy something, the item bought is still proceeds of the crime.

It does not matter whether or not the person who committed the underlying crime, and thereby acquired or retained the proceeds, was the defendant. It is a crime to conduct a financial transaction involving property that is the proceeds of a crime, even if that crime was committed by another person, as long as all of the elements of the offense are satisfied.

The government is not required to trace the property it alleges to be proceeds of the distribution of cocaine or heroin. It is sufficient if the government proves that the property was the proceeds of the distribution of cocaine or heroin generally. For example, in the case of alleged drug proceeds, the government would not have to trace the money to a particular drug offense, but could satisfy the requirement by proving that the money was the proceeds of drug trafficking generally.

The government need not prove that all of the property involved in the transportation or transfer was the proceeds of the distribution of cocaine or heroin. It is sufficient if the government proves that at least part of the property represents such proceeds.

### (4) Specified Unlawful Activity

The phrase "specified unlawful activity," means any one of a large variety of offenses defined by statute. I instruct you as a matter of law that distribution of cocaine and heroin are offenses that fall within the definition.

### (5) Knowledge

The phrase "knew the money represented the proceeds of some form of unlawful activity," means that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony offense under State or Federal law. Thus, the government need not prove that the defendant specifically knew that the money involved in the financial transaction represented the proceeds of the distribution of cocaine or heroin or any other specific offense; it need only prove that he knew it represented the proceeds of some form, though not necessarily which form, of felony under federal law. I instruct you as a matter of law that distribution of cocaine and heroin are felony offenses under law.

**<u>8th Circuit Manual of Model Jury Instructions</u> 6.18.1956J (modified)**

**(alternative to government proposed instruction)**

## 7.04. DELIBERATE IGNORANCE/WILLFUL BLINDNESS

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant believed there was a high probability that the United States currency was the proceeds of the distribution of a controlled substance and that he took deliberate actions to avoid learning of that fact. Knowledge may be inferred if the defendant deliberately closed his eyes to what would otherwise have been obvious to him. A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts. You may that the defendant conspired to engage in an illegal financial transaction if he believed there was a high probability that the money involved in the transaction was the proceeds of the distribution of a controlled substance and that he took deliberate actions to avoid learning of that fact. You may not find the defendant acted "knowingly" if you find he was merely negligent, careless or mistaken as to the source of the money orders.

You may not find that the defendants acted knowing if you find that they actually believed that the United States currency were not the proceeds of the distribution of a controlled substance.

**8th Circuit Manual of Model Jury Instructions 7.04**

**(alternative to government instruction, if necessary)**

**8.01		ATTEMPT**

The crime charged in Count Two of the Indictment is an Attempt to corruptly obstruct, influence, or impede an official proceeding. A person may be found guilty of an attempt if he intended to obstruct, influence, or impede an official proceeding and voluntarily and intentionally carried out some act which was a substantial step toward obstructing, influencing, or impeding an official proceeding.

**<u>8th Circuit Manual of Model Jury Instructions</u> 8.01 (modified)**

**(alternative to government proposed instruction)**