UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:15CR404 HEA/NAB (30) |
| OSCAR DILLON, III, | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Third Motion for New Trial, [Doc. No. 3992]. The Government opposes the Motion. For the reasons set forth below, the motion will be denied.

Defendant Oscar Dillon, III was convicted by a jury of obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). Dillon has moved for a new trial in light of the Supreme Court decision in *Fischer v. United States*, 603 U.S, 480 (2024). Defendant contends that after the *Fischer* decision, he has been illegally convicted under §1512(c)(2). For the following reasons, the motion will be denied.

Section 1512(c) provides:

Whoever corruptly—

> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

The *Fischer* Court "focused on what conduct was prohibited by the 'otherwise' clause in § 1512(c)(2) and emphasized that its broad language is cabined by the narrower terms that precede it in § 1512(c)(1)." *United States v. De Bruhl*, 118 F.4th 735, 746-47 (5th Cir. 2024) (citing *Fischer*, 603 U.S. at 489). The court concluded that § 1512(c)(2) is not a "one-size-fits-all solution to obstruction of justice," *Fischer*, 603 U.S. at 497, but instead more narrowly proscribes "impair[ing] the availability or integrity for use in an official proceeding of records, documents, objects, or ... other things used in the proceeding, or attempt[ing] to do so," *id*. at 498. In substance, therefore, § 1512(c)(2) covers obstruction that implicates actual or potential evidence. See *id*. at 492 ("[S]ubsection (c)(2) was designed by Congress to capture other forms of evidence and other means of impairing its integrity or availability beyond those Congress specified in (c)(1).").

In the opinion affirming Defendant's conviction, which was entered prior to *Fischer*, the Eighth Circuit Court of Appeals addressed Defendant's challenge to the sufficiency of the evidence with regard to the attempted obstruction of justice charge:

> Section 1512(c)(2) requires that Appellants knew their conduct would likely affect an official proceeding. See [*United States v. Petruk*, 781 F.3d 438, 444

(8th Cir. 2015) at 445; cf. *United States v. White Horse*, 35 F.4th 1119, 1122-23 (8th Cir. 2022) (holding that under § 1512(c)(1), which is analogous to § 1512(c)(2), a defendant must "know[ ] that he is likely to accomplish his intention to 'impair [an] object's integrity or availability for use in an official proceeding'" (second alteration in original) (citation omitted)). Implicit in this mens rea requirement is that their conduct would have the "natural and probable effect" of "obstruct[ing], influenc[ing], or imped[ing] any official proceeding." See *Petruk*, 781 F.3d at 444-45 (citing *United States v. Aguilar*, 515 U.S. 593, 599, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995)); White Horse, 35 F.4th at 1122-23 ("[A] person cannot know that his action is likely to affect an official proceeding unless his action is, in fact, likely to affect an official proceeding.").

Appellants allege that the evidence was insufficient to prove that their conduct would impact an official proceeding. Specifically, they claim that because Terry was a sophisticated drug dealer with independent knowledge of methods to evade his criminal indictment, Appellants' advice to flee St. Louis could not have had the probable effect of causing Terry to flee. We disagree, as we have upheld a jury conviction under § 1512(c)(2) in circumstances analogous to those here. See *United States v. Mink*, 9 F.4th 590, 610 (8th Cir. 2021) (finding sufficient evidence for jury conviction where defendant instructed his father to destroy evidence in his home after a law enforcement search and to sign a false affidavit, and defendant "expressly acknowledged that the government was building a case against him ... [and] explained how the affidavit would detrimentally affect the Government's case").

Terry testified that he learned about his indictment shortly before meeting Appellants at Applebee's. Prior to the meeting, Terry explained, he was so distraught by the charges that he planned to avoid criminal prosecution by engaging in gunfire with officers, hoping that he might be killed. At the Applebee's meeting, though, Appellants explained to Terry that he could fight the charges in court. They advised that it would be advantageous for Terry to leave town for 18 to 24 months to allow time for his numerous codefendants to enter into plea agreements with the Government. Moreover, Appellants advised that if Terry was not in the Government's custody, fewer witnesses might cooperate against him for fear that Terry might harm their families. Terry testified that upon Appellants' advice, he left town. Appellants also met with Stanford Williams, a close associate of Terry, and discussed this plan.

3

> With this testimony in mind, Appellants' advice to Terry was not only likely to affect an official proceeding, but it ultimately did impact an official proceeding: the advice caused Terry flee St. Louis, which allowed him to initially evade arrest. Moreover, Appellants showed up to the meeting with Terry's indictment and explained in detail the rationale for why Terry should leave St. Louis. Just as the defendant in *Mink* explained how signing a false affidavit would negatively impact the Government's case, Appellants explained how Terry absconding would negatively impact the Government's case. Thus, we are persuaded that when viewed in the light most favorable to the verdict, Appellants' advice to Terry to abscond indicated that they knew their actions were likely to affect an official proceeding. Accordingly, there was sufficient evidence for the jury to convict Grady and Dillon.

*United States v. Grady*, 88 F.4th 1246, 1262–63 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 2648, 219 L. Ed. 2d 1277 (2024), and *cert. denied sub nom. Dillon v. United States*, 145 S. Ct. 209 (2024), reh'g denied, 145 S. Ct. 1155, 220 L. Ed. 2d 443 (2025).

The Court agrees with the Government that *Fischer* does not render Defendant's conviction invalid. Clearly, Defendant's advice to Derrick Terry to leave town so that Terry would be better off fighting the case by himself because it would reduce the number of co-defendants and potential cooperating witnesses provided a path for Terry to leave.  Terry left the jurisdiction based on this advice. Thus, Defendant attempted to obstruct an official proceeding by impairing the availability of witness testimony against co-defendant Terry.

> Subsection (c)(2) also ensures that liability is still imposed for impairing the availability or integrity of *other* things used in an official proceeding beyond the "record[s], document[s], or other object[s]" enumerated in (c)(1), such as witness testimony or intangible information. See, *e.g.*, *United States v.*

4

*Mintmire*, 507 F.3d 1273, 1290 (CA11 2007) (prosecution under subsection (c)(2) based in part on the defendant's attempt to orchestrate a witness's grand jury testimony).

*Fischer*, 603 U.S. at 491.

The indictment charges conduct that involves the attempted elimination of witness testimony against Terry in his prosecution. This is the specific type of interference the Supreme Court recognizes as falling within the contours of Section (c)(2). Under the circumstances, such conduct is covered by the "otherwise" clause of § 1512(c)(2).

For the foregoing reasons, Defendant's Third Motion for New Trial will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Third Motion for New Trial [Doc. No. 3992], is **DENIED**.

Dated this 29th day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE